```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
                                   :
UNITED STATES OF AMERICA           :
                                   :   07 Cr. 1111 (VM)
        - against -                :
                                   :
RANDY HIGHTOWER,                   :   DECISION AND ORDER
                                   :
                 Defendant.        :
                                   :
----------------------------------X
```

**VICTOR MARRERO, United States District Judge.**

On April 10, 2008, defendant Randy Hightower moved to suppress all evidence seized from him pursuant to Federal Rule of Criminal Procedure 12(b)(3)(C) on the grounds that they are the fruit of an unlawful seizure. The Court ruled on this motion on the record on June 27, 2008.

For the reasons stated on the record of the Court's proceeding on June 27, 2008, the relevant excerpts of which have been attached hereto and are incorporated herein, it is hereby

**ORDERED** that the motion of defendant Randy Hightower to suppress evidence is DENIED.

SO ORDERED.

Dated:   New York, New York
         27 June 2008

                                         _____
                                              Victor Marrero
                                                 U.S.D.J.

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-27-08

1

<u>United States of America v. Randy Hightower</u>

No. 07 Cr. 1111

**Statement by the Court Regarding Defendant's Motion to Suppress**

June 27, 2008

On April 10, 2008, defendant Randy Hightower moved to suppress all evidence seized from him pursuant to Federal Rule of Criminal Procedure 12(b)(3)(C) on the grounds that they are the fruit of an unlawful seizure.

The relevant facts on this issue are not in dispute. On November 11, 2007, NYPD officers were notified that a 911 caller had reported seeing a black male wearing a black coat, blue jeans, and a white shirt with a gun near apartment 2I at 1020 Summit Ave. Based on this description, the Officers stopped the defendant, who was wearing a black coat or black sweatshirt and blue jeans, on the sidewalk in front of 1020 Summit Ave. The Officers directed Mr. Hightower to remove his hands from his pockets, and withdrew their weapons when it appeared that Mr. Hightower kept moving his hands and began putting them back into his pockets. At that point, Mr. Hightower ran back into 1020 Summit Ave., dropping a cell phone and pistol as he ran. One of the Officers subsequently picked up the pistol. An Officer attempted to handcuff Mr. Hightower in the lobby of 1020 Summit Ave., but Mr. Hightower

ran out of the building. Mr. Hightower was later detained by another NYPD Officer.

Mr. Hightower contends that under the Supreme Court precedent of Florida v. J.L., 529 U.S. 266 (2000), the anonymous 911 call did not provide reasonable suspicion, because there was no way to determine the credibility of the anonymous tip and the information was not sufficiently corroborated by the police when they arrived at the scene.

Given the similarities between Florida v. J.L. and the instant case, the Court agrees with Defendant that at the time of the stop order, the police lacked reasonable suspicion for the stop order. However, the Second Circuit has held that a person who temporarily obeys an order to stop and then flees immediately thereafter is not seized. Accordingly, at the time that Mr. Hightower dropped his cellular phone and pistol, he was not "seized." Additionally, the Second Circuit held in United States v. Muhammad, 463 F.3d 115 (2d Cir. 2006) that even where police officers lacked reasonable suspicion to stop the defendant, grounds for a stop may be based on events that occur after the order to stop is given, and the defendant's flight provided the necessary reasonable suspicion. The Second Circuit distinguished its finding in Muhammad with that of Florida v. J.L. on the basis of the police officers' personal observation of the defendant's evasive conduct.

-2-

This case is indistinguishable from <u>Muhammad</u>. Even though the Officers lacked reasonable suspicion for the initial stop order, Mr. Hightower was not "seized" at the time of the stop order because of his subsequent flight. And because the Officers then observed Mr. Hightower drop a pistol, they had probable cause to arrest him.

Accordingly, defendant Randy Hightower's motion to suppress is DENIED.