```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>-against-<br><br>RANDY HIGHTOWER,<br><br>Defendant. | 07-cr-1111 (JSR)<br><br>MEMORANDUM |

JED S. RAKOFF, U.S.D.J.

    Defendant Randy Hightower was found guilty of violating four conditions of his supervised release on June 1, 2021. The Court sentenced Hightower to two years' imprisonment with no supervised release term. See Judgment, ECF No. 100. At sentencing, Hightower, proceeding pro se, moved the Court to dismiss all specifications against him and to find that his previous defense counsel, Meredith Heller, rendered ineffective assistance. The Court denied both motions from the bench. This memorandum sets forth the reasons for that denial.

## BACKGROUND

    Hightower was convicted of being a felon in possession of a firearm in 2008 and sentenced to a 110-month prison term with two years of supervised release. Judgment, ECF No. 38. During Hightower's initial term of supervision, which began in 2016, he was arrested for second-degree criminal possession of a weapon. See ECF No. 89. This Court thereafter revoked Hightower's supervision term and sentenced him to a year and a day in prison

with three years of supervised release. ECF No. 85. This second term of supervised release was subsequently amended to two years, which began on September 5, 2018 and expired on September 4, 2020. See ECF No. 89.

On January 14, 2019, Hightower reported to probation that he had started work as a kitchen assistant at NYU Law School. On April 3, 2019, Hightower admitted that he kept in contact with incarcerated friends and that he spent a significant portion of his income mailing packages to them. On September 11, 2019, Hightower was arrested in Brooklyn, NY for criminal possession of a weapon in the second degree, to wit, a loaded .22 caliber handgun. Shortly after Hightower's arrest, the Probation Office learned that he had been fired from NYU in April 2019 because of interpersonal disputes and had been banned from the premises. Hightower had failed to report any of this to his Probation Officer.

On September 25, 2019, Probation submitted a violation report recommending that Hightower's term of supervision be revoked, charging him with four specifications: (1) committing a state crime, i.e., attempted criminal possession of a weapon, (2) possessing a firearm, (3) knowingly associating with felons, and (4) failing to inform Probation of a change in employment within ten days. See Sept. 25, 2019 Probation Report. The Court issued an arrest warrant on September 26, 2019. Arrest Warrant, ECF No. 93.

Hightower had already been writted into federal custody after his arrest on the state criminal possession of a firearm charge. Accordingly, when the arrest warrant was returned executed on September 29, 2019, the warrant stated that Hightower had been arrested at "Brooklyn, NY/MDC." See id.

Hightower was arraigned on the violations of supervised release on April 26, 2021 and denied violating the specifications of supervision. On May 12, 2021, the Court ordered production of Hightower's file with the U.S. Probation Office to defense counsel to enable Hightower to prepare his defense. ECF No. 95.

At an evidentiary hearing on June 1, 2021, this Court found Hightower guilty of all four specifications. See Hearing Tr., ECF No. 98, at 20:4-6. The Court also found that the delayed prosecution of the supervised release violations did not prejudice Hightower, because no evidence was lost, key witnesses remained available, and there was no reason to believe that witnesses recollections of "simple matters" had faded over the years. Id. at 20:11-22.

On June 29, 2021, the Court sentenced Hightower to two years' imprisonment with no term of supervised release to follow. See Judgment, ECF No. 100. At his sentencing, Hightower, proceeding pro se, moved the Court to dismiss all specifications against him and to find that his previous defense counsel, Meredith Heller, rendered ineffective assistance. The Court denied both motions

3

from the bench. This memorandum sets forth the reasons for that denial.

## DISCUSSION

A federal district court may revoke supervised release and sentence a defendant to prison if the court "finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e). Courts are authorized to revoke supervised release and impose a prison sentence even after the supervised release term has expired, provided the Court does so within "any period reasonably necessary for the adjudication of matters arising before its expiration" and "before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation." Id. at § 3583(i).

Hightower's case fulfills each of these statutory requirements. First, his violations arose before the expiration of his term of supervised release. Hightower failed to inform Probation promptly of his change in employment and admitted to associating with felons in April 2019, less than six months into his two-year supervised release term. He then possessed a firearm and was arrested for the commission of a state crime in September 2019, about halfway through his term of supervised release.

Second, this Court issued an arrest warrant based on these violations on September 26, 2019, nearly a year before Hightower's term of supervised release would expire. See Arrest Warrant, ECF

No. 93. The warrant was returned executed three days later and indicated that Hightower was already in federal custody at the MDC. See id.

Third, the twenty-month delay in the Government's prosecution these matters (partly because of oversight and partly because of the pandemic) was "reasonable" because, as the Court found at the evidentiary hearing, Hightower was not prejudiced by the delay. See Ramos, 401 F.3d at 118 (finding reasonable a seventeen-month delay between the execution of an arrest warrant and adjudication of supervised release violations because the delay was not long enough to cause prejudice).

Hightower argues that the Court lacks authority to adjudicate his specifications under 18 U.S.C. § 3583(i), because the statute requires an arrest warrant to be executed rather than merely issued. Def. Letter, ECF No. 97, at 1-2. He contends that the warrant for his arrest was never executed before the expiration of his supervised release, emphasizing the fact that the warrant was not docketed until May 21, 2021. Id. at 2-3. He adds that the Court lacks the authority to adjudicate the specifications against him, because the failure to execute his arrest warrant means there was never a "notice-providing event" before the expiration of his supervised release. Id. at 3.

Hightower's assertion that revocation of supervised release requires the execution of an arrest warrant contradicts the plain

text of the 18 U.S.C. § 3583(i), which requires only issuance. Furthermore, none of the cases he cites support his argument. While the Supreme Court distinguished between issuances and executions of arrest warrants in Moody v. Daggett, 429 U.S. 78, 86-87 (1976), Daggett merely held that the issuance of a warrant for parole violation is not enough to trigger due process protections under the Fourteenth Amendment, because the execution of a warrant is "the operative event triggering any loss of liberty attendant upon parole revocation." In United States v. Ramos, 401 F.3d 111, 118 (2d. Cir. 2005), the Second Circuit considered an altogether different element of the supervised release statute and held that a ten-month delay between violation and the issuance of an arrest warrant and was a reasonable period of time under 18 U.S.C. § 3583(i). Even if Hightower's legal interpretation were accurate, the warrant was indeed executed. See Arrest Warrant, ECF No. 93.

Hightower's notice-providing theory similarly misreads case law. He argues that there can be no revocation of supervised release "absent some notice-providing event occurring before expiration" of the supervised release term, citing United States v. Edwards, 834 F.3d 180 (2d Cir. 2016). See Def. Letter, ECF No. 97, at 8. But this is an inaccurate statement of the case -- Edwards held that a district court is authorized to revoke a term of supervised release for violations that were not the original basis of the requisite arrest warrant under 18 U.S.C. § 3583(i),

6

as long as they are closely related to the relevant conduct and the defendant was given adequate notice of them and an opportunity to be heard. 834 F.3d at 200-201. In context, the language Hightower quotes merely distinguishes the statutory history of the parole revocation statute from that of the supervisory release statute. Id. at 197. Edwards is therefore irrelevant to Hightower's case, as all four specifications were included in the initial probation report that led to issuance of the arrest warrant.

In addition to his request to dismiss all specifications against him, Hightower argues that his previous counsel, Meredith Heller, rendered ineffective assistance. Def. June 6, 2021 Letter. In order to succeed on a motion for ineffective assistance of counsel, "a defendant must prove that counsel's representation fell below an objective standard of reasonableness judged by prevailing professional norms. He must also show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Jackson v. Leonardo, 162 F.3d 81, 85 (2d Cir. 1998) (quotations omitted). Furthermore, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland v. Washington, 466 U.S. 668, 689 (1984).

Hightower claims that Heller was ineffective because she did not follow his instructions to seek interlocutory of appeal his

7

case on the ground that a federal court should not even begin revocation proceedings before the defendant is found guilty on any state charges underlying the violations. Def. June 6, 2021 Letter. But Heller acted reasonably in declining to argue that this Court lacked authority to begin revocation proceedings before conviction on the state felon-in-possession charge. Ramos clearly states that "federal courts are not required, in such situations, to rely on state adjudications to determine whether a supervised release violation has occurred." 401 F.3d at 117. Furthermore, the federalism concerns that motivated the Second Circuit's caution in Ramos are not present here, because the state firearms charges underlying the first specification were ultimately transferred to federal court in the Eastern District of New York. Id. at 117-18. The Court finds that Hightower cannot rebut the presumption that Heller acted reasonably by citing her failure to make an argument that was patently unlikely to succeed. Accordingly, the Court finds that Heller did not render ineffective assistance of counsel.

    For the foregoing reasons, defendant's motions are denied.

SO ORDERED.

Dated:   New York, NY

      7/29, 2021

_____
JED S. RAKOFF, U.S.D.J.